# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONALD MCCLARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:19CV23 |
| | ) |
| FNU BULLOCK, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER, MEMORANDUM OPINION, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on several motions by Plaintiff Ronald McClary and Defendant Letitia Owen. (Docket Entries 24, 25, 29, 30, 31.)

**I.  BACKGROUND**

Plaintiff is a *pro se* prisoner of the State of North Carolina and was previously incarcerated at Scotland Correctional Institute (hereinafter "Scotland"). (*See* Complaint ¶ IV(B), Docket Entry 2). On January 1, 2019, Plaintiff filed a complaint against: (1) "FNU Bullock," a nurse allegedly employed by the North Carolina Department of Public Safety (hereinafter "NCDPS"); (2) Defendant Owen a nurse supervisor allegedly employed by NCDPS; and (3) Defendant Connie Locklear-Jones, a doctor allegedly employed by NCDPS.[1] (*Id.* ¶ I(B).) Plaintiff sought compensatory and punitive damages against all defendants in

---

[1] Plaintiff's pleadings at times erroneous identify Defendant Owen as "Owens" (*see, e.g.,* Compl. ¶ I(B); *see also* Docket Entry 18) and Defendant Locklear-Jones as "Johnson" or "Jones" (*see, e.g.,* Compl. ¶ I(B); First Amended Complaint ¶ I(B), Docket Entry 10; *see also* Docket Entry 35). For the sake of clarity, the undersigned consistently refers to Defendants by their correct names throughout this order, memorandum opinion, and recommendation.

their official and individual capacities for alleged violations of his rights under the Eighth Amendment that occurred between August 15, 2018 and November 23, 2018.  (*Id.* ¶¶ I(B), II(B), IV(B), VI.)  Specifically, Plaintiff alleges that he suffers from a number of chronic medical ailments, including an enlarged prostate, a "bladder problem," high blood pressure, and a deteriorating disc disease (*Id.* ¶ IV(D).)  According to Plaintiff, Defendants were responsible for Plaintiff's failure to receive medical treatment for these conditions, which resulted in "a worsening of all ailments." (*Id.* ¶¶ IV(D), V.)

On February 13, 2019, Plaintiff filed a "Motion to Leave," docketed as a supplemental complaint, in which he provided more detailed allegations that Defendant Locklear-Jones had discontinued Plaintiff's prescribed medications and treatment despite never seeing him. (Supplemental Complaint, Docket Entry 6.)  Plaintiff also filed several medical documents. (Docket Entry 6-1.)

On February 22, 2019, Plaintiff filed pleadings, titled as an Amended Complaint, that alleged additional complaints of non-treatment of pain in his right shoulder and a deteriorating disc in his back.  (First Amended Complaint, Docket Entry 10.)  Plaintiff alleged that Defendant Locklear-Jones had declined to follow a pain management plan for his shoulder developed by Plaintiff's previous physician and had not seen Plaintiff to address his conditions.  (*Id.* ¶ IV(B)-(C).)  Plaintiff also alleged that Defendants Owen and Bullock knew of Defendant Locklear-Jones' actions and failed to respond.  (*Id.* ¶ IV(D).)

On March 4, 2019, summons was issued to all Defendants, but only the summons to Defendant Owen returned executed.  (Docket Entries 12, 14, 19, 20.)

On March 25, 2019, Plaintiff filed additional pleadings, titled as a second Amended Complaint, that alleged additional wrongdoing by Defendant Locklear-Jones between September 12, 2018 and February 8, 2019. (Second Amended Complaint ¶ IV(B)-(C), Docket Entry 15.) Plaintiff wrote that he filed the new pleading because "new issues arose and giving [sic] defendant chance to respond." (*Id.* ¶ IV(D).) Plaintiff specifically argued that Defendant Locklear-Jones did not follow policy when she allegedly discontinued his medication without his notice. (*Id.* ¶ IV.) Besides naming them as parties, this filing made no mention of Defendants Bullock and Owen. (*See id.* ¶ I(B).)

On May 22, 2019, Plaintiff filed a motion for appointment of counsel. (Docket Entry 24.) No defendant has responded. On June 3, 2019, Defendant Owen filed a motion to dismiss for failure to state a claim. (Docket Entry 25.) Plaintiff responded on June 10, 2019. (Docket Entry 28.) Defendant Owen has not filed a reply. On June 12, 2019, Plaintiff filed motions for default judgment against Defendants Bullock and Locklear-Jones. (Docket Entries 29, 30.) No response has been filed to either motion. On July 25, 2019, Plaintiff filed a motion entitled "Motion to Show Cause," which appears to request addresses at which the unserved Defendants could receive service of process. (Docket Entry 31.) Since the filing of that motion, Defendant Locklear-Jones has received service of process, (Docket Entry 35, ¶ 8). All five of aforementioned motions are before the Court and ripe for disposition.

## II.    DISCUSSION

### A. Defendant Owen's Motion to Dismiss

The Court will first address Defendant Owen's Motion to Dismiss. (Docket Entry 25.) Defendant Owen's sole argument in support of dismissal is that the Second Amended

3

Complaint supersedes the first two complaints and literally does not state a claim against Defendant Owen. (*Id.* ¶¶ 6-7; Docket Entry 26 at 3.) In response, Plaintiff appears to argue that the Second Amended Complaint does not in fact supersede his prior pleadings. (Docket Entry 28 at 1.) The undersigned is unpersuaded by Defendant Owen's argument and will decline to recommend dismissal of Plaintiff's claims against Defendant Owen.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure generally raises the question of whether the plaintiff's complaint or pleadings are legally sufficient. In other words, a 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted).

Defendant Owen is correct that an amended complaint generally supersedes a prior one, *see Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001), and is also correct that the third complaint is titled "Amended" and does not state claims against Defendant Owens (*see* Second Am. Compl.). However, despite the document being docketed as an "amended complaint," the Court declines to construe it as such, for two reasons. First, such a characterization of Plaintiff's pleadings would be unduly harsh and formalistic in light of Plaintiff's status as a pro se litigant. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that a pro se litigant's pleadings are to be liberally construed); *Fireman's Ins. Co. of Newark, New Jersey v. Herbert*, No. 4:04CV139, 2005 WL 3536091 at *2 (E.D. Va. Dec. 20, 2005) (noting that a "court does not expect a pro se litigant to perfectly comply with all procedural rules"). Second, it appears that the amended complaints filed by Plaintiff were intended to operate as

4

supplemental pleadings, not superseding ones. For example, Plaintiff wrote in his second amended complaint that he "amended complaint as new issues arose." (Second Am. Compl. ¶ IV(D).) Other than arguing that they have been superseded by the Second Amended Complaint, Defendant Owen makes no argument that those pleadings are insufficient to survive a Rule 12(b)(6) motion. (*See* Docket Entry 26.) The undersigned thus recommends denial of Defendant Owen's motion to dismiss.

B. **Plaintiff's Motions for Default Judgment**

The Court next considers Plaintiff's motions "for default judgment" against Defendant Bullock and Defendant Locklear-Jones. (Docket Entries 29, 30.) Because default has not been entered against any Defendant, the Court construes the motions as motions for entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Here, at the time of Plaintiff's motions, Defendant Bullock and Defendant Locklear-Jones had not received service of process. (*See* Docket Entry 20; Docket Entry 35 ¶ 8.) Therefore, the undersigned will deny these motions.

C. **Plaintiff's Motion for Appointment of Counsel**

The Court now considers Plaintiff's motion to appoint counsel. (Docket Entry 24.) Plaintiff seeks to have counsel appointed to assist in discovery pursuant to 28 U.S.C. § 1915(e)(1). (Docket Entry 25 at 1; Docket Entry 17 at 1.) "The Constitution does not

5

compel the appointment of counsel in civil cases." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (per curiam). However, this Court may, within its discretion, appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1); *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel under section 1915 "is a privilege and not a right" and is "a matter within the discretion of the District Court."). The Court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individuals bringing it.'" *Lowery*, 492 F. App'x at 411 (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

Exceptional circumstances do not exist in this case. Plaintiff's claim—that he has not received treatment for his for various medical conditions—is straightforward. (*See* Compl. ¶ IV(D).) Nor does it appear to the Court that Plaintiff lacks the capacity to present his case. Therefore, the motion will be denied.

### D. Plaintiff's "Motion to Show Cause"

The Court finally considers Plaintiff's "Motion to Show Cause," which the Court construes as motion to furnish home addresses for Defendants Bullock and Locklear-Jones so that they can be served. As an initial matter, the Court notes that Defendant Locklear-Jones has been served, so this motion will be denied as moot as to her. However, the Court

recognizes Plaintiff's difficulties in obtaining an address at which Defendant Bullock can be served.  Consistent with other cases facing a similar issue, the Court will seek the assistance of counsel for a served Defendant—normally a representative from the Attorney General's Office—to obtain the last known addresses of the unserved Defendants.  *See e.g., Tunstall v. Perry*, No. 1:15CV226, 2016 WL 4133537, at *5 (M.D.N.C. Aug. 3, 2016) (collecting cases), *report and recommendation adopted*, No. 1:15CV226, 2016 WL 4996528 (M.D.N.C. Sept. 19, 2016).  Here, an Assistant Attorney General has entered an appearance on behalf of Defendant Owen.  Defendant Bullock appears to be an official, employee, or agent of the prison system, thus the Court will require counsel from the Attorney General's Office "to make a good faith effort to obtain the last known addresses of the unserved Defendant[] . . . and, if able, to file that information, under seal, with the Court for service of process purposes only."  *Tunstall*, 2016 WL 4133537, at *5.  To the extent the information requested is not obtained, counsel should file a statement under seal with the Court explaining counsel's efforts to locate the information.  The Assistant Attorney General may also elect to accept service of process on behalf of the Defendant Bullock, or Defendant Bullock themself may waive service of process.

### III.  CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant Owen's Motion to Dismiss (Docket Entry 25) be **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Bullock (Docket Entry 29) and Plaintiff's Motion for Default Judgment against Defendant Jones (Docket Entry 30) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Docket Entry 24) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Show Cause" (Docket Entry 31) be **DENIED** with regard to Defendant Locklear-Jones and **GRANTED** with regard to Defendant Bullock to the extent that the Attorney General's Office shall make a good faith effort to obtain the last known addresses of the Defendant Bullock and, if able, to file that information, under seal, with the Court for service of process purposes only. To the extent the information requested is not obtained, counsel should file a statement under seal with the Court explaining counsel's efforts to locate the information. The Assistant Attorney General may also elect to accept service of process on behalf of Defendant Bullock, or Defendant Bullock themself may waive service of process.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

January 6, 2020
Durham, North Carolina